CENTRAL COLORADO WATER CON-
SERVANCY DISTRICT, Eugene B. Rit-
chey, James L. Erger, Everett D. Kissler,
and Roland H. Kissler, Petitioners,

v.

ENVIRONMENTAL PROTECTION
AGENCY, Respondent.

No. 76–1904.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted May 17, 1977.

Decided Aug. 3, 1977.

David L. Harrison and David M. Brown,
of Moses, Wittemyer, Harrison & Woodruff,
P. C., Boulder, Colo., for petitioners.

Lloyd S. Guerci, Atty., Dept. of Justice,
Land and Natural Resources Div., Wash-
ington, D. C. (Peter R. Taft, Asst. Atty.
Gen., Alfred T. Ghiorzi and Pamela Quinn,
Environmental Protection Agency, Wash-
ington, D. C., on the brief), for respondent.

Before LEWIS, Chief Judge, and
McWILLIAMS and DOYLE, Circuit
Judges.

WILLIAM E. DOYLE, Circuit Judge.

The several petitioners here seek review
pursuant to 33 U.S.C. § 1369 of regulations
promulgated by the EPA on July 12, 1976.
Said regulations have to do with water pol-
lution elimination and are reported in 40
C.F.R. §§ 124.11, 124.84, 125.4 and 125.53, 41
Fed.Reg. 28493 et seq.

Petitioners would have us declare that
these regulations were promulgated unlaw-
fully and are therefore invalid. They seek
a final injunction directing the EPA to
withdraw and rescind the regulations from
the Code of Federal Regulations and issue
forthwith new regulations which are in
compliance with the requirements of the
Federal Water Pollution Control Amend-
ments of 1972 ("FWPCA"), 33 U.S.C. § 1251
et seq.

Petitioners also seek a declaration that
the National Pollutant Discharge Elimina-
tion System (NPDES) permit program es-
tablished pursuant to § 402 of the FWPCA
cannot be extended by the EPA to agricul-
tural sources of pollutants which discharge
into navigable waters other than to those
"point sources" (as defined in § 502(14) of
FWPCA) whose owner or operator has ef-
fective control over the addition of pollu-
tants to the navigable waters through such
point sources. Further, an injunction pro-
hibiting respondent from extending the
NPDES permit program to any other agri-
cultural sources of pollutants is sought.

The above relief is sought pursuant to 28
U.S.C. § 2201 (Declaratory Judgment Act).

The EPA has filed a motion to dismiss
the petition. It is based on the proposition
that this court lacks jurisdiction to review
the challenged regulations since they are
not part of the National Pollutant Dis-
charge Elimination System permit program
and do not contain numerical effluent limi-
tations and hence are not reviewable within
the terms of Section 509(b) of the Federal
Water Pollution Control Act, 33 U.S.C.
§ 1369(b).

An additional basis for EPA's motion to dismiss is that the Conservancy District should raise its issues in a concrete case once permits have been issued pursuant to these regulations to the Conservancy District or its members.

The question which we here consider is whether the regulations can and should be reviewed at this stage of the proceedings or whether the lack of jurisdiction is so palpable as to require that the petition be dismissed out of hand. In support of its motion to dismiss for lack of jurisdiction, the EPA argues that the sole basis for jurisdiction posed by the petitioners is that the regulations which are challenged represent the Administrator's action in approving or promulgating any effluent limitation or other limitation under Sections 301, 302 or 306. Section 509(b)(1)(E), 33 U.S.C. § 1369(b)(1)(E). The EPA counters that petitioners must, in view of this, show that the regulations are indeed effluent limitations. It continues that the FWPCA defines effluent limitation to mean "any restriction established by a State or the Administrator on quantities, rates, and concentrations of chemical, physical, biological and other constituents which are discharged from point sources into navigable waters, the waters of the contiguous zone, or the ocean, including schedules of compliance." Section 502(11), 33 U.S.C. § 1362(11).

The EPA also maintains that the petitioners' concept of jurisdiction is predicated on the fact that the challenged regulations are schedules of compliance which, under the Act, are defined as "schedule[s] of remedial measures including an enforceable sequence of actions or operations leading to compliance with an effluent limitation . . . ." Section 502(17), 33 U.S.C. § 1362(17). EPA says that a schedule of compliance under § 502(17) of the FWPCA is a condition imposed upon an individual discharger in a permit. Thus, their argument in this regard boils down to the point that the term "schedule of compliance" is stretched by petitioners beyond the definitions in the statutory scheme. EPA declares that a schedule of compliance has a very specific meaning and cannot apply to any regulation promulgated by EPA with respect to federal water pollution control, unless the regulations contain specific limitations or definitions which have the effect of limitations. EPA maintains, however, that the regulations now being challenged do not satisfy this standard.

EPA's further basis for its demand that the petition be dismissed is that petitioners are wrong in their position that jurisdiction exists to review regulations simply because, as petitioners maintain, they might be closely related to or intertwined with Section 301 of the Act. EPA in essence maintains that no such general authority has been granted by Congress to review regulations on any such theory.

There is a dearth of authority as to the issues which are outlined above and the present briefs have not convincingly presented arguments as to whether the court lacks jurisdiction at this time to review the challenged regulations. At least the points made are not so clear that we feel that we are justified in dismissing the petition and denying review. We realize that the briefs were hurriedly prepared and that the record before us is, to say the least, incomplete. It is more accurate to say that it is nonexistent. As a result, it is virtually impossible from the legal material and the record presented to resolve the jurisdictional issue.

Accordingly, inasmuch as the record is incomplete and the briefs are lacking in depth, our disposition is to deny the present motion of EPA without prejudice to its being renewed in conjunction with review of the merits. We believe that in-depth briefing of not only the jurisdictional issue but also the merits of the case based upon whatever record is available would be of great help to the court. Moreover, the Supreme Court has rendered a decision in this very area, *E. I. duPont de Nemours and Co. v. Train*, 430 U.S. 112, 97 S.Ct. 965, 51 L.Ed.2d 204 (1977), in which it has considered the various statutes that come into play in the case at bar. Counsel have not commented in detail on this decision nor

have they sought to assess its impact and effect upon the present case. Accordingly, it is expected that when the case is briefed in connection with the review on the merits that this relatively recent authority will be fully considered together with any other authorities which are pertinent to the present issue.

We expect counsel, of course, to brief the *merits* of this review fully. Without limiting it, the briefs should, of course, consider the validity of the issuance of the regula-tions including the authority for their being issued, etc.

Accordingly, the motion to dismiss on behalf of respondent is denied without prejudice to its right to renew the motion on review.